UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YASEMIN EFETURK,

                    Plaintiff,

         -against-                      **MEMORANDUM & ORDER OF REMAND**
                                                           **23-cv-2861(DLI)(VMS)**
AMAZON.COM SERVICES, LLC,
AMAZON.COM, INC., AMAZON
LOGISTICS, INC., and KYLE A. REAVES,

                    Defendants.
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 21, 2023, Yasemin Efeturk ("Plaintiff") filed a verified complaint ("Complaint") in New York State Supreme Court, Kings County ("state court") against Amazon.com Services, LLC, Amazon.com, Inc., Amazon Logistics, Inc. (together, "Amazon Defendants"), and Kyle Reaves ("Defendant Reaves" and, collectively with the Amazon Defendants, "Defendants"), alleging state law tort claims in connection with an auto collision. *See,* Complaint ("Compl."), Dkt. Entry No. 1-2. On April 18, 2023, the Amazon Defendants removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1, ¶¶ 1, 12, 18.

While a review of the state court docket shows that Defendant Reaves was served with the summons and Complaint four days before the Amazon Defendants removed the action to this Court, Plaintiff did not file proof of such service on Defendant Reaves in state court until after removal. *See, Efeturk v. Amazon.com Svcs, LLC, et al*., Index No. 508571/2023, at Dkt. Entry No. 10 (N.Y. Sup. Ct. Kings Cnty. 2023) (showing that affirmation of service, which establishes that Defendant Reaves was served with the summons and Complaint on April 14, 2023, was filed in state court on April 18, 2023 at 11:39 AM, 19 minutes after the Amazon Defendants removed the

action to this Court); Notice ¶ 4 (alleging, at the time of removal, that "no Affidavit of Service ha[d] been filed with the [state court] for [Defendant] Reaves"). To date, Defendant Reaves has not appeared in this action and there has been no indication from any party as to whether he consents to removal.

On April 25, 2023, the Amazon Defendants filed an answer to the Complaint and asserted cross-claims against Defendant Reaves for indemnification, contribution, and breach of contract. *See,* Answer, Dkt. Entry No. 9. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for lack of subject matter jurisdiction.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *See, Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021).

Where, as here, a defendant seeks to remove a case based on diversity jurisdiction, the

defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties. *Id*. Here, the Court finds that the Amazon Defendants have failed to meet their burden of establishing either jurisdictional requirement, warranting remand.

**I.      Amount in Controversy Requirement**

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted). Here, the Amazon Defendants have failed to establish that the amount in controversy requirement is met and, thus, have not established this Court's subject matter jurisdiction, warranting remand.

The Amazon Defendants rely entirely on allegations provided in the Complaint to support their assertion that the amount in controversy requirement is satisfied. *See,* Notice ¶ 18 ("Based on Plaintiff's allegations, the amount in controversy does exceed the jurisdictional minimum of $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.") However, the Amazon Defendants "'cannot meet [their] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount.'" *See, Lachmanaya v.*

3

*Rocky Towing, LLC, et al,* 2023 WL 2329855, at *4 (E.D.N.Y. Mar. 2, 2023) (quoting *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)).  Nonetheless, and to the Amazon Defendants' detriment, the Notice contains nothing more than a regurgitation of conclusory allegations from the Complaint that state Plaintiff's alleged injuries and damages in generalized, boilerplate terms.

Primarily, the Amazon Defendants rely on the fact that Plaintiff alleges that she "suffered 'serious injuries' as defined in § 5102(d) of the Insurance Law of the State of New York" and "sustained serious injuries and economic loss greater than the 'basic economic loss'" as defined by § 5102 of the Insurance Law.  Notice ¶¶ 20, 22 (citing Compl. ¶¶ 62, 64).  According to the Amazon Defendants, § 5102 of the New York Insurance Law defines "basic economic loss" as "up to fifty thousand dollars [($50,000.00)] per person" and, therefore, "Plaintiff's Complaint seeks economic damages in excess of $50,000."  *Id.*  ¶¶ 23-24.  They allege that, "[a]s such, the nature of Plaintiff's alleged injuries, and the value of her claimed economic and noneconomic damages place more than $75,000 in controversy."  *Id.*

As an initial matter, "courts do not assume that 'a personal injury claim alleging damages in an unspecified amount over $50,000…exceed[s] the $75,000 statutory jurisdictional threshold[.]'"  *Burrell-Hamilton v. Oden,* 2018 WL 11449490, at *4, n.5 (S.D.N.Y. Feb. 12, 2018) (quoting *Kaur v. Levine*, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007)); *See, Johnson-Kamara v. W. Chacon Trucking*, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006) (explaining, in the context of analyzing allegations made pursuant to the New York Insurance Law, that a demand for "damages somewhere in excess of $50,000…does not get us to $75,000.01").  Moreover, the Complaint lacks sufficient information concerning "'the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses [s]he purportedly suffered.'"  *See, Doe*

4

*v. Warner,* 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (quoting *Herrera*, 2016 WL 4536871, at *2); *Islam v. Hertz Vehicles,* 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) (collecting cases). As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate language concerning Plaintiff's injuries and damages, which the Amazon Defendants merely repeat in the Notice. *See,* Notice ¶ 19 (repeating Plaintiff's allegations that she "'was caused to suffer severe and serious personal injuries[,]…was subjected to great physical pain and mental anguish[,]…was 'severely injured, bruised and wounded, some of which injuries are permanent[,]…suffers and will continue to suffer for some time physical pain and bodily injuries[,] and became sick, sore, lame and disabled'") (quoting Compl. ¶¶ 57, 61); *Id.* ¶ 20-22 (repeating allegations regarding Article 51 of the New York Insurance Law) (quoting Compl. ¶¶ 62, 64).

Such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *See, Islam,* 2020 WL 5893965, at *2 (finding general allegations that plaintiff "sustained serious injuries and economic loss greater than basic economic loss" as defined by New York Insurance Law insufficient to support amount in controversy); *Valente v. Garrison From Harrison LLC,* 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "[c]omplaint's boilerplate allegations that [p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" were insufficient to establish amount in

5

controversy).

It bears noting that Plaintiff also alleges that she "is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interests and costs." *See,* Compl. ¶¶ 72, 112. However, to the extent Plaintiff is alleging that she is entitled to damages in excess of the $75,000 jurisdictional threshold established by 28 USC § 1332(a), this allegation is wholly conclusory. Accordingly, it does not provide the Court with any additional basis for determining whether there is a reasonable probability that the amount in controversy exceeds $75,000. Accordingly, the Court finds that the Amazon Defendants have failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

Significantly, the Amazon Defendants were not without recourse to determine the amount of damages Plaintiff seeks. "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). The Amazon Defendants "could have availed [themselves] of this procedural mechanism that permits a defendant in 'an action to recover damages for personal injuries' to 'at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.'" *See, Warner,* 2023 WL 2349914, at *4 (quoting N.Y. C.P.L.R. § 3017(c)). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c). Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that

6

explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Thus, instead of removing the action to this Court prematurely, the Amazon Defendants could, and should, have availed themselves of this mechanism. *See, e.g., Warner,* 2023 WL 2349914, at *4 (finding removal of state action "premature" where defendant "failed to avail himself of" N.Y. C.P.L.R. § 3017(c) to determine the amount of damages plaintiff sought before removing); *Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (same); *Herrera*, 2016 WL 4536871, at *2 (same).  Having failed to do so, the Amazon Defendants "'proceed[ed] at [their] peril' in removing this case and 'simply presuming that [their] allegations [would] be deemed sufficient with respect to the required amount in controversy.'" *See, Warner,* 2023 WL 2349914, at *4 (quoting *Cavaleri*, 2021 WL 951652, at *3 (collecting cases)).

## II.    Diversity of Citizenship Requirement

While the Amazon Defendants' failure to establish the amount in controversy alone is sufficient to warrant remand, the Court notes that the Amazon Defendants also have failed to establish diversity of citizenship because they did not allege adequately Plaintiff's citizenship. "[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence." *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *2 (D. CT. Nov. 4, 2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).  Indeed, "[a]llegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997); *See also, Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.") (internal citations and quotation marks omitted).  Here, the Amazon Defendants allege that

7

"[c]omplete diversity of citizenship exists" because "Plaintiff alleges that she is an individual residing in the State of New York" and "the properly joined Amazon defendants are citizens of a different state than Plaintiff." Notice ¶¶ 12, 13. These allegations are insufficient to establish Plaintiff's citizenship.

First, as noted above, allegations of residence alone are insufficient to establish citizenship and the allegations in the Notice and Complaint are otherwise silent as to Plaintiff's citizenship or domicile. Second, "allegations that a party is a citizen of a different state, or that none of the [defendants] are citizens of the same state as the plaintiff," are "entirely conclusory" and "[d]istrict courts in this Circuit regularly hold" that such allegations "are insufficient to invoke diversity jurisdiction." *See, Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *Ocean Units LLC v. Illinois Union Ins. Co.*, 528 F. Supp.3d 99, 102-03 (E.D.N.Y. 2021) (collecting cases) ("'The decisions of [the Supreme Court] require, that the averment of jurisdiction shall be positive[.]'") (quoting *Brown v. Keene*, 33 U.S. 112, 114 (1834)). Thus, this Court lacks subject matter jurisdiction for the additional reason that the Amazon Defendants have failed to establish Plaintiff's citizenship, warranting remand.[1] *See, Hines v. Azoth Investment SPC Ltd.*, 2022 WL 683996, at *2 (SDNY March 8, 2022) (remanding action where removing party failed to demonstrate complete diversity of citizenship and explaining that Second Circuit law clearly permits a district court to do so).

It bears noting that the Amazon Defendants also failed to comply with the recently enacted

---

[1] While, as mentioned above, Defendant Reaves neither has appeared in this action nor indicated whether he consents to removal, it bears noting that the Amazon Defendants also failed to establish Defendant Reaves' citizenship. The Amazon Defendants allege that Defendant Reaves, who is an individual, "is a resident of the State of New Jersey" and "is therefore not a citizen of New York." Notice ¶ 17 (citing Compl. ¶ 2). However, for the reasons set forth above, these allegations are insufficient to establish an individual's citizenship. *See, Canedy*, 126 F.3d at 103 (explaining that "[a]llegations of residency alone cannot establish citizenship"); *Carter*, 822 F.3d at 60 (explaining that an allegation that defendant "is a citizen of a different state" than plaintiff "is insufficient to show that the diversity requirement is met").

Fed. R. Civ. P. 7.1(a)(2), which states that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party "must, unless the court orders otherwise, file a disclosure statement" which "must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party" at the time the action is "filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2). Furthermore, a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" Fed. R. Civ. P. 7.1(b). While the Amazon Defendants filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(1), which requires a corporate party to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock," they did not file a disclosure statement in compliance with Fed. R. Civ. P. 7.1(a)(2). *See,* Corp. Discl. Stmt., Dkt. Entry No. 4.

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 508571/2023, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       May 2, 2023

/s/
DORA L. IRIZARRY
United States District Judge